IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL D. PHIFFER,

                                                          ORDER

                Petitioner,

                                                 14-cv-573-bbc

     v.

RANDALL HEPP,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Earl D. Phiffer has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges his conviction for bail jumping in State v. Phiffer, No. 02cv3370 (Rock Cty. Cir. Ct.). Petitioner has paid the $5 filing fee, so his petition is ready for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.

      A threshold question is whether I have authority to consider the petition in light of 28 U.S.C. § 2244(b)(3), which requires a prisoner to seek permission from the appropriate federal court of appeals before filing a "second or successive" petition in the district court. In 2008, petitioner filed a habeas challenge to a sexual assault conviction that was also part of No. 02cv3370. Phiffer v. Grams, No. 08-cv-384-slc (W.D. Wis.). Although petitioner is now challenging a different count in that case, § 2244 generally applies if a petitioner has "twice brought claims contesting the same custody imposed by the same *judgment* of the state court." Burton v. Stewart, 549 U.S. 147, 153 (2007) (emphasis added). Thus, a prisoner

may not avoid complying with § 2244 simply by making new arguments or challenging different aspects of the same judgment.

However, petitioner's case is unusual because the electronic docket for the Wisconsin courts shows that he was convicted of sexual assault in 2003 after a jury trial, but his bail jumping charge was "severed for separate trial" and he was not convicted on that charge until 2009, when he pleaded guilty. Because petitioner had not yet been convicted of bail jumping when he brought his 2008 habeas petition, § 2244 does not apply to a challenge to his bail jumping conviction. United States v. Obeid, 707 F.3d 898, 901-03 (7th Cir. 2013) (petition not second or successive if events giving rise to new claim had not yet occurred when previous petition was filed).

The problem with the petition is that petitioner does not identify any constitutional defects with his guilty plea for bail jumping. His allegations are difficult to follow, but he seems to be making an argument related to a search warrant that was obtained to arrest him for sexual assault. He refers to allegedly "false information" that was "necessary for the truth of finding probable cause" that he violated Wis. Stat. § 948.02, which prohibits sexual assault. In addition, he cites Franks v. Delaware, 438 U.S. 154 (1978), which sets forth the standard for determining whether a search warrant violates the Fourth Amendment when it is obtained through a false or misleading affidavit.

Petitioner does not explain why he believes that there was false information in a search warrant affidavit, which is reason enough to deny his petition. Further, even if I assume that there was a Fourth Amendment violation, he cannot prevail on his petition, for

two reasons. First, a claim under the Fourth Amendment generally cannot be brought in a petition for a writ of habeas corpus. Monroe v. Davis, 712 F.3d 1106, 1112-13 (7th Cir. 2013). Second, even if I assume, as the circuit court and the Wisconsin Court of Appeals did, that petitioner means to bring a claim for ineffective assistance of counsel, petitioner fails to show a connection between any search warrant that issued and his guilty plea for bail jumping. Rather, any evidence that should have been suppressed at petitioner's trial would have been related to his conviction for sexual assault, which, as discussed above, petitioner cannot challenge in federal court without first seeking permission from the Court of Appeals for the Seventh Circuit.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate whether petitioner is entitled to relief in this case. Therefore, no certificate of appealability will issue.

Petitioner has filed a motion for appointment of counsel as well. Because it is clear that petitioner's claim has no merit, I am denying that request as moot.

ORDER

IT IS ORDERED that

1. Petitioner Earl Phiffer's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R.App. P. 22.

3. Petitioner's motion for appointment of counsel is DENIED as moot.

Entered this 21st day of October, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge