IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EARL D. PHIFFER,

                ORDER

        Petitioner,

                14-cv-573-bbc

  v.

RANDALL HEPP,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Petitioner Earl D. Phiffer has filed a motion for reconsideration of the October 21, 2014 order in which I denied his petition for a writ of habeas corpus under 28 U.S.C. § 2254. I understood petitioner to be challenging his conviction for bail jumping in State v. Phiffer, No. 02cv3370 (Rock Cty. Cir. Ct.), but petitioner says that he was challenging "count #1" from case no. 02cv3370, which is a conviction for child sexual assault. Accordingly, I will grant petitioner's motion for reconsideration and vacate the October 21 judgment.

   Unfortunately for petitioner, this decision does not help him. As I explained in the October 21 order, petitioner filed a habeas petition in 2008 in which he challenged his conviction for child sexual assault. Phiffer v. Grams, No. 08-cv-384-slc (W.D. Wis.). Under 28 U.S.C. § 2244(b)(3)(A), a petitioner may not file a second or successive application for habeas relief in the district court unless he first seeks and obtains an order from the

appropriate court of appeals authorizing the district court to consider the application. A "second or successive" petition is one in which the prisoner is challenging the same conviction that he challenged in a previous petition that was decided on the merits. In re Page, 179 F.3d 1024, 1025 (7th Cir. 1999). Because I denied the 2008 petition on the merits, his new petition qualifies as second or successive under § 2244(b)(3)(A).

If petitioner believes that he qualifies for an exception to the rule against filing successive petitions, he must seek permission to file his petition with the Court of Appeals for the Seventh Circuit. I have no authority to consider the petition until that court gives its approval. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The court should issue a certificate when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To the extent that this order qualifies as "final" under Rule 11, I decline to issue a certificate because reasonable jurists would not debate whether the petition qualifies as "second or successive" under § 2244.

ORDER

IT IS ORDERED that

1. Petitioner Earl Phiffer's motion for reconsideration, dkt. #8, is GRANTED and the October 21, 2014, judgment is VACATED.

2. Phiffer's petition for a writ of habeas corpus is DISMISSED for petitioner's failure to obtain the authorization required by 28 U.S.C. § 2244(b)(3)(A). This court has no authority to consider it. No certificate of appealability shall issue.

3. The clerk of court is directed to enter an amended judgment accordingly.

Entered this 30th day of October, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge